**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

IN RE:   DARRYLL T. GRIFFITHS,                         Case No. 06-50256-A
                                                       Chapter 13
                  Debtor.

_____

**MEMORANDUM OPINION AND ORDER SUSTAINING THE DEBTOR'S
OBJECTION TO CLAIM**
_____

This matter is before the Court on Darryll Griffiths' ("debtor") Objection to Langley Federal Credit Union's ("Langley") Claim.  This is a core proceeding over which this Court has jurisdiction under 28 U.S.C. §§ 157(b)(2) and 1334(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The debtor borrowed money from Langley on June 8, 2005, in order to purchase a 2005 Ford Mustang ("Vehicle").  Almost one year later, on June 6, 2006, the debtor filed a petition under Chapter 13 of the Bankruptcy Code ("Code") and filed his Chapter 13 Plan ("Plan") on June 21, 2006.  The debtor's Plan called for the surrender of debtor's Vehicle to Langley in full satisfaction of its claim.  The debtor's Plan was confirmed by Order entered September 19, 2006.  Langley originally filed an unsecured claim[1] in the amount of $22,724.73 on September 14, 2006, which was objected to by the debtor on December 28, 2006.  Langley then sold the debtor's Vehicle and amended its Proof of Claim on January 11, 2007, to reflect an unsecured deficiency

---

[1] It is unclear why this original claim listed the debt as unsecured when the creditor had a purchase money security interest in the debtor's vehicle.

amount of $5,965.74.[2] It is this deficiency claim to which the debtor objects. Both the debtor and Langley argue that this is a "hanging paragraph"[3] issue and submitted letter briefs to the Court on March 30, 2007, in that regard. This Court finds, however, that we do not reach the merits of that issue because there is a confirmed plan in this case, that was not objected to, which calls for the surrender of the vehicle in full satisfaction of Langley's claim, and is binding on both parties.

"'[I]n order to extinguish or modify a lien, the debtor must take some affirmative step toward that end' during the confirmation process." *In re Snow*, 270 B.R. 38, 42 (D. Md. 2001)(citing *In re Deutchman*, 192 F.3d 457, 460 (4th Cir. 1999). Further, a lien can be extinguished if it is provided for in the plan. *In re Regional Bldg. Sys., Inc.*, 254 F.3d 528, 532 (4th Cir. 2001). "[A] plan 'provides for' a claim or interest when it acknowledges the claim or interest and makes explicit provision for its treatment." *Cen-Pen Corp. v. Hanson*, 58 F.3d 89, 94 (4th Cir. 1995)(citing *In re Work*, 58 B.R. 868, 871 (Bankr. D. Or. 1986)).

---

[2] It is not clear from the pleadings or oral argument when the Vehicle was surrendered by the debtor to Langley or when the sale of the Vehicle took place.

[3] The "hanging paragraph" is so termed because it is a free-standing unnumbered paragraph inserted between 11 U.S.C. 1325(a)(9) and 1325(b)(1). It reads:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [sic] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

U.S.C. § 1325 (2006). Its application or non-application dramatically affects the handling of deficiency claims of the type involved in this case, but as explained above need not be addressed in the instant case.

A confirmed plan acts as *res judicata* as to all issues that could have been raised prior to confirmation. *See* 11 U.S.C. § 1327(a),[4] *Piedmont Trust Bank v. Linkous (In re Linkous)*, 990 F.2d 160, 162 (4th Cir. 1993), *First Union Comm. Corp. v. Nelson, Mullins, Riley and Scarborough (In re Varat Enterprises, Inc.)*, 81 F.3d 1310, 1315 (4th Cir. 1996) (citing *Stoll v. Gottlieb*, 305 U.S. 165, 170-71, 83 L. Ed. 104, 59 S. Ct. 134 (1938)), *In re Snow*, 270 B.R. at 41. The creditor bears the burden to object to any treatment in a plan that it finds objectionable *or even ambiguous*, or else "assume the risk that [it] will be bound by undesirable terms if [it] fail[s] to object to such a plan." *In re Fowler*, No. 96-15386, 1997 Bankr. Lexis 2332, *15 (Bankr. E.D. Va. Oct. 27, 1997) (emphasis added). This preclusive effect of the confirmed plan even extends to proposed modifications to a plan under § 1329 on issues that *could* have been addressed prior to confirmation. *Id.*, *Dept. of Air Force v. Carolina Parachute Corp.*, 907 F.2d 1469, 1473-74 (4th Cir. 1990).

The Fourth Circuit has recognized two exceptions to the *res judicata* effect of a confirmed plan. A confirmed plan does not have preclusive effect, first, as to any determination of value of collateral if the creditor was not provided with reasonable notice that such a finding would be made as part of the confirmation process, *In re Linkous*, 990 F.2d at 162-63; and secondly, as to any issue that must be litigated through an adversary proceeding. *Cen-Pen*, 58 F.3d at 93.

In the instant case, the debtor lists in his Plan the debt owed to Langley and states that he is going to surrender the collateral for that debt in full satisfaction of the

---

[4] Section 1327 of the Code states that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such

3

claim; he also objected to Langley's claim. We find that the inclusion of this clear provision in the plan along with the objection to claim was an affirmative step made by the debtor to modify or extinguish Langley's debt and that said debt was clearly provided for in the plan. It is undisputed that Langley did not object to the debtor's Plan; therefore, unless one of the *res judicata* exceptions applies, the surrender of the debtor's vehicle will fully satisfy Langley's claim.

As to the notice exception, the debtor listed his 2005 Ford Mustang under the section titled "Collateral to be surrendered," listed Langley as the creditor for the debt, and valued the debt at $22,600.00. Most importantly, however, the debtor noted directly underneath the creditor's name and description of collateral that the "[s]urrender w[ould] be in full satisfaction of the claim." Debtor's Chapter 13 Plan, §3.B. The Plan was timely served on Langley, which Langley has not disputed. At the hearing on the debtor's objection to Langley's claim, counsel for Langley admitted it saw the language in the Plan but argued that the Plan was unclear as to whether surrender would be in full satisfaction of Langley's claim. Even accepting this argument at face value, Langley's admission clearly demonstrates that it had reasonable notice, prior to confirmation that the debtor might be attempting to surrender the Vehicle in full satisfaction. Moreover, even if that argument were plausible, which this Court finds it is not given how clearly the "surrender in full satisfaction" provision was stated in the Plan, the law in this circuit is that the creditor must object *even to ambiguity in a Plan*.

---

creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a).

4

*In re Fowler*, 1997 Bankr. Lexis 2332, at *15 (emphasis added). Thus, this Court finds that the notice exception does not apply in this case.

Regarding the adversary proceeding exception, there are two ways to resolve disputes in bankruptcy, adversary proceedings[5] and contested matters. *In re Beard*, 112 B.R. 951, 954-55 (Bankr. N.D. Ind. 1990) (citing Fed. R. Bankr. P. 7001 & 9014). Objections to claims are contested matters and not adversary proceedings to "determine the validity, priority or extent of a lien" because they do not challenge the "'basis of the lien itself.'" *Id.* at 955. As discussed by other courts, an objection to claim such as the one in this case, does not challenge the validity or priority of the lien, and by necessity must challenge the extent of the lien. *See In re Eron*, 17 Fed. Appx. 138, 140 (4th Cir. 2001), *In re Snow*, 270 B.R. at 42, *In re Beard*, 112 B.R. 955-56. However, "extent," as used in Rule 7001(2), is a term of art in bankruptcy and is not

---

[5] Federal Rule of Bankruptcy Procedure 7001 identifies the issues that must be litigated through an adversary proceeding. It states:
> An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:
>   (1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002;
>   (2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d);
>   (3) a proceeding to obtain approval under § 363(h) for the sale of both the interest of the estate and of a co-owner in property;
>   (4) a proceeding to object to or revoke a discharge;
>   (5) a proceeding to revoke an order of confirmation of a chapter 11, chapter 12, or chapter 13 plan;
>   (6) a proceeding to determine the dischargeability of a debt;
>   (7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief;
>   (8) a proceeding to subordinate any allowed claim or interest, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination;
>   (9) a proceeding to obtain a declaratory judgment relating to any of the foregoing; or
>   (10) a proceeding to determine a claim or cause of action removed under 28 U.S.C. § 1452.

Fed. R. Bankr. P. 7001.

defined as the *amount* of the lien, but rather "'the scope of the property encompassed by or subject to the lien.'" *In re Snow*, 270 B.R. at 42 (specifically rejecting the creditor's argument that the term "extent" equaled the term "amount"). Because this contested matter, the value of the claim, is properly addressed in the context of confirmation without the need for an adversary proceeding, when a plan is confirmed without objection, secured creditors are bound by the value of the claim in the plan.[6] *In re Beard*, 112 B.R. at 956. Thus, the second exception does not apply in this case.[7]

In conclusion, the debtor properly acted to modify and extinguish Langley's lien through his Plan and Objection to Claim and Langley bore the burden to object to the confirmation of that Plan, but did not do so. Therefore, under the doctrine of *res judicata,* Langley's claim must be dealt with as provided for in the Plan; specifically that the surrender of the vehicle fully satisfied Langley's claim. The confirmed Plan binds the parties to its terms, and as such, the debtor's Objection to Langley's Claim is **SUSTAINED**.

**IT IS SO ORDERED.**
Norfolk, Virginia
May 3, 2007

                                                          _____
                                                          David H. Adams, Judge
                                                          United States Bankruptcy Court

---

[6] Those creditors would be free to challenge a confirmed plan regarding the scope or validity of their liens. *In re Beard*, 112 B.R. at 956.

[7] The Court notes that an objection to claim can be backed into an adversary proceeding by the application of Rule 3007, the last sentence of which states that "[i]f an objection to claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding." Fed. R. Bankr. P. 3007. Looking to the language of the debtor's objection, however, we see that it contains merely objects to the Langley's claim "on the grounds that the security was sold which satisfied the entire claim" and asks the Court to disallow it. Debtor's Obj. to Claim, ¶¶ 2 & 3. This request does not amount to any type of relief outlined in Rule 7001 and thus does not become an adversary proceeding in that manner.

Copies to:
    Linda W. Coppinger, Esq.
    Patrick J. McKenna, Esq.
    George W. Neal, Trustee